ELIZABETH M. BRADY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brady v. Commissioner
Docket No. 2717-71.
United States Tax Court
T.C. Memo 1974-171; 1974 Tax Ct. Memo LEXIS 145; 33 T.C.M. (CCH) 736; T.C.M. (RIA) 74171; June 26, 1974, Filed. Lee Mandell, for the petitioner. Howard W. Gordon, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: This case involves the following income tax deficiencies determined by respondent: 1967
$209.77
1968
$223.36
Respondent has filed a motion for judgment on the pleadings under Rule 120 of the Rules of Practice and Procedure of this Court. The petition alleges that respondent erred in disallowing a deduction under section 165, Internal Revenue Code of 1954, for the loss of rental income in the amount of $1,080 in each of the years in controversy. The facts alleged in support of this assignment of error, briefly summarized, are that petitioner in 1956 purchased a house with a rentable second-floor apartment. She was unable to rent the apartment *146 during 1967 and 1968 due to defective plumbing which had been approved by a city plumbing inspector. She attempted to have the plumbing repaired, but licensed plumbers declined to do the required work. The allegations in the petition conclude: 5. (f) The combination of the foregoing circumstances together with the failure of the public official and the absence of any right to appeal his determinations has resulted in the casualty loss of rent of a very rentable second floor apartment, claimed under Schedule B in petitioner's Returns. (g) The tax deduction is based on the loss of rent from the second floor, which in dollars is roughly one-third to one-quarter of the deduction, depending on the tax rate. * * * Even if all allegations of fact in the petition are true, section 165 of the Code does not permit the claimed deductions. Subsection (a) of that section allows a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." However, that section is addressed to losses actually sustained from closed and completed transactions fixed by identifiable events, not to losses of anticipated income. "Nothing in * * * [section *147 165] indicates that Congress intended to allow petitioner to reduce ordinary income actually received and reported by the amount if income * * * [she] failed to realize." Hort v. Commissioner, 313 U.S. 28, 32 (1941). We find no merit in petitioner's argument that the law on this point is unclear where the loss of anticipated income arises from the action of a third party and the taxpayer receives no compensation for the claimed "loss." Frank F. Nicola, 1 B.T.A. 487 (1925). Accordingly, the motion for judgment of the pleadings will be granted, and Decision will be entered for the respondent.